**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

 SEALED

| | | |
|---|---|---|
| IN THE MATTER OF THE | * | MISC. NO. 15-901 |
| APPLICATION OF THE UNITED | | |
| STATES OF AMERICA FOR AN | * | SECTION: "E" |
| ORDER AUTHORIZING THE | | |
| INTERCEPTION WIRE AND | * | |
| ELECTRONIC COMMUNICATIONS | | |
| AND E-911 INFORMATION FROM | * | |
| CELLULAR TELEPHONE: (504) | | |
| 296-8951 ESN: 270113183512944912 | * | |

\*      \*      \*

**APPLICATION FOR AN ORDER AUTHORIZING THE INTERCEPTION
OF WIRE COMMUNICATIONS AND E-911 LOCATION INFORMATION**

Brandon S. Long, Assistant United States Attorney for the United States Department of Justice, states:

A.     Applicant is an "investigative or law enforcement officer of the United States" within the meaning of Section 2510(7) of Title 18, United States Code, that is, an attorney authorized by law to prosecute or participate in the prosecution of offenses enumerated in Section 2516 of Title18, United States Code.

B.     Pursuant to Section 2516 of Title 18, United States Code, David Bitkower, an appropriate official of the Criminal Division, United States Department of Justice, having been specifically designated by the Attorney General, pursuant to Order Number 3055-2009, has approved this application for an order authorizing the interception of wire and electronic

communications and acquisition of cell phone location data.  Attached to this application is a copy of Order Number 3055-2009, dated February 26, 2009, specifically designating the above official to approve applications for court orders authorizing interception of wire and oral communications.  Also attached is a copy of that official's memorandum of authorization approving this application.   These two documents are attached as Attachment A.

C.     This application seeks authorization to acquire cell phone location data and to intercept wire and electronic communications of **MIGUEL JOSEPH**, **DONALD EALY**, **MICHAEL KIRTON**, **EDWARD LAWRENCE, JR.**, and others as yet unknown, hereinafter referred to as "**Target Interceptees**," concerning offenses enumerated in Section 2516 of Title 18, United States Code, that is, offenses involving the following violations:

1.     Title 21, United States Code, Sections 841(a)(1) and 846; the distribution and possession with intent to distribute controlled substances, and conspiracy to do the same; and

2.     Title 21, United States Code, Section 843(b); the unlawful use of communication facilities in committing or/and causing or facilitating the commission of a felony offense;

D.     Applicant has discussed all the circumstances of the above offenses with Special Agent Robert Baird of the Federal Bureau of Investigation (FBI), who has directed and conducted the investigation herein, and has examined the affidavit attached to this application as Attachment B.  Wherefore your applicant states upon information and belief that:

1.     There is probable cause to believe that the **Target Interceptees** and others as yet unknown, are using and will continue to use the **Target Telephone** in connection with the commission of offenses listed in paragraph C above.

2.     There is probable cause to believe that particular wire and electronic communications, precise cell phone location information, including but not limited to E-911 Precise location information of the **Target Interceptees** and others as yet unknown, concerning

2

these offenses will be obtained through the interception for which authorization is herewith applied.

3.      The attached affidavit contains a full and complete statement explaining why normal investigative procedures have been tried and failed, reasonably appear unlikely to succeed if continued, reasonably appear unlikely to succeed if tried, or are too dangerous.

4.      There is probable cause to believe that the cellular telephone currently assigned telephone number **(504) 296-8951**, **Electronic Serial Number (ESN) 270113183512944912** ("**Target Telephone**"), maintained by Sprint, and subscribed to by TEDD CODE, with no address provided, and utilized by **JOSEPH**, has been used and is being used by the **Target Interceptees** and others as yet unknown, in connection with the commission of the above-described offenses.

E.      The attached Affidavit contains a full and complete statement of facts concerning all previous applications known to the individuals authorizing and making this application made to any Judge for authorization to intercept, or for approval of interceptions of electronic, wire, or oral communications involving any of the same persons, facilities, or places specified in this application.

**WHEREFORE**, your applicant believes that probable cause exists to believe that the **Target Interceptees** and others as yet unknown, are engaged in the commission of offenses involving:

1.      Title 21, United States Code, Section 841(a)(1) and 846; the distribution and possession with intent to distribute controlled substances, and conspiracy to do the same; and

2.      Title 21, United States Code, Section 843(b); the unlawful use of communication facilities in committing or/and causing or facilitating the commission of a felony offense;

That the **Target Interceptees** and others as yet unknown, have used, and are using, the **Target Telephone** in connection with the commission of the offenses listed above by the **Target Interceptees** and others yet unknown, and that normal investigative procedures appear unlikely to succeed.

On the basis of the allegations contained in this application and on the basis of the affidavit of Special Agent Robert Baird, attached hereto, the applicant requests this Court to issue an order pursuant to the power conferred on it by Section 2518 of Title 18, United States Code, authorizing the Federal Bureau of Investigation (FBI) or its designee, to intercept wire and electronic communications and to acquire precise cell phone location information to and from the **Target Telephone**.

It is requested that the authorization given is intended to apply not only to the **Target Telephone** telephone number listed above, but also to any other telephone number subsequently assigned to or used by the instrument bearing the same electronic serial number used by the **Target Telephone**, within the thirty-day period.  The authorization is also intended to apply to the **Target Telephone** number referenced above regardless of service provider, and to background conversations intercepted in the vicinity of the **Target Telephone** while the telephone is off the hook or otherwise in use.

Pursuant to Section 2518(5) of Title 18, United States Code, the Applicant requests that the time set forth in the Order run from the earlier of the day on which the investigative or law enforcement officer first begins to conduct the interception or ten (10) days from the date of the Order.

It is further requested that the authorization include the interception of background conversations while the **Target Telephone** is off the hook or otherwise in use.

It is further requested, pursuant to 18 U.S.C. Section 2518(3), that in the event that the **Target Telephone** is transferred outside the territorial jurisdiction of this Court, interceptions of the transferred facility may continue to take place in the Eastern District of Louisiana where all communications will first be heard or read and minimized regardless of where the wire and/or electronic communications are placed to or from.

All wire interceptions will be minimized in accordance with the minimization requirements of Chapter 119 of Title 18, United States Code, and all interceptions conducted pursuant to this Court's Order will terminate upon the authorized objectives or, in any event, at the end of thirty (30) days measured from the earlier of the day on which law enforcement officers begin to conduct and interception under the Court's order or ten (10) days after the Order is entered. Monitoring of conversation will terminate immediately when it is determined that the conversation is unrelated to communications subject to interception under Chapter 119 of Title 18, United States Code. Interception will be suspended immediately when it is determined through voice identification, physical surveillance, otherwise, that none of the **Target Interceptees** or any of their confederates, when identified, are participants in the conversation, unless it is determined during the portion of the conversation already overheard that the conversation is criminal in nature. If a conversation has been minimized, the monitoring agent will spot check to ensure that the conversation has not turned to criminal matters.

While not anticipated, in the event that the **Target Interceptees** are intercepted conversing in code or a foreign language, and an expert in that code or foreign language is not reasonably available during the interception period, minimization may be accomplished as soon as practicable after such interception. In the event the translator/expert is not a federal agent, the translator/expert, whether a language-trained support employee or someone under contract with the government, will be under the direct supervision of a federal agent. If, however, a

5

translator/expert is not reasonably available, the following after the fact minimization procedures have been established, pursuant to Title 18, United States Code, Section 2518 (5):

    a)  All such foreign language/code conversations will be intercepted and recorded in their entirety;

    b)  As soon as practicable after such interception, these conversations will be reviewed and minimized by a translator/expert under the guidance of a federal agent authorized to conduct the interception, after which translation of the pertinent criminal conversations will be furnished to the supervising federal agent.

    All monitoring of electronic communications will be conducted in accordance with Chapter 119 of Title 18, United States Code.   Each text message will be reviewed electronically over a secure system by a monitoring agent who will determine, based on the identities of the sender and recipient and the content of the message, whether the text message appears to be criminal in nature.   If the message is not criminal in nature, the message will be flagged as "minimized" or "non-pertinent" and secured from access by other members of the investigative team. If the message appears to be privileged, it will be marked "privileged" and secured from access by other members of the investigative team.   If a text message appears to be relevant to the investigation or otherwise criminal in nature, it will be marked "non-minimized" or "pertinent" and may be shared with the other Agents and may be shared with other Agents and monitors involved in the investigation.   If a text message is marked "minimized", "non-pertinent," or "privileged," it will not be disseminated to members of the investigative team.   All intercepted text messages will be sealed with the Court upon the expiration of the Court's order authorizing the interception.   It is anticipated that the monitoring station will not be staffed at all times.   When staffed, the intercepted communications will be monitored and read (including those intercepted at hours when the location was not staffed).   However, even when unmanned, the monitoring

location will be kept secured with access limited to only authorized monitoring personnel and their supervising agent.

It is further requested that the order provide that, if necessary, translators be authorized to assist in conducting this electronic surveillance and to receive disclosure of intercepted communications.   Certain subjects of this intercept may communicate with languages other than English and as yet unidentified.   It may therefore be necessary to secure the services of translators in order to assist the agents in monitoring the electronic surveillance and translating the intercepted communications. All such translators will be under contract to the FBI and will be directly supervised by the FBI. It is further requested, pursuant to Section 2518(5), Title 18, United States Code, that in the event the intercepted communications are in a code or foreign language, and an expert in that code or foreign language is not reasonably available during the interception period, that minimization may be accomplished as soon as practicable after such interception.

It is further requested that this Court issue an Order pursuant to Section 2518(4) of Title 18, United States Code, directing that Sprint shall furnish the applicant forthwith all information, facilities and technical assistance necessary to accomplish the interception unobtrusively and with a minimum of interference with the services that such service provider, landlord, custodian, or other persons is according the person whose communications are to be intercepted.   The service provider furnishing such facilities or technical assistance shall be compensated by the applicant for reasonable expenses incurred in providing such facilities or assistance.

It is further requested that, in the event that the service provider changes during the course of the interception, interception may continue with the new service provider without further order of this Court.   The United States will advise the Court of the change of service provider in the periodic progress reports submitted to this court.

It is further requested that, pursuant to Title 18, United States Code, Sections 2703(c)(1)

and 2703(d), the Court order that Sprint, and any subsequent service provider which provides service to the **Target Telephone,** disclose to the Applicant, all published and non-published subscriber information and toll records and information relevant to this investigation, within 24 hours of said request.   This request applies only to the **Target Telephone** and to any phone or other telecommunications facility that contacts or is contacted by the **Target Telephone.**

Applicant further requests that, pursuant to Title 18, United States Code, Section 2703(c)(1)(B), that Verizon, Boost Mobile, Metro PCS, Nextel, Cellco, BellSouth, Nextel Spectrum, Alltel, T-Mobile, AT&T, AT&T Wireless, Cingular Wireless, South Western Bell, Sprint Spectrum, and any and all other telephone companies provide all subscriber and custom calling feature information of all telephone numbers identified during the pen register to agents of the FBI at reasonable intervals during regular business hours for the duration of the Order.

It is further requested, pursuant to Federal Rule of Criminal Procedure 41, that the Court issue an Order authorizing agents of the FBI to ascertain the physical location of the **Target Telephone**, including but not limited to E-911 Phase II data or other precise location information concerning the **Target Telephone** (the "Requested Location Information"), [1] during the authorized period of interception.   As explained in more detail in the Affidavit, there is probable cause to believe that the location of the **Target Telephone** during that period will constitute or lead to evidence of the subject offenses.

It is further requested, pursuant to 18 U.S.C. §§ 3122, 3123, and 2703(d), that the Order authorize agents of the FBI to acquire, during the same 30-day period, cell-site information for

---

[1]   Such information shall, where other information is unavailable, include records reflecting the tower and antenna face ("cell site") used by the **Target Telephone** at the start and end of any call.   In requesting cell site information, the Government does not concede that such cell site records – routinely retained by wireless carriers as business records – may only be obtained via a warrant issued on probable cause.   *See In re Application*, 460 F. Supp. 2d 448 (S.D.N.Y. 2006) (authorizing prospective acquisition of cell-site records under combined authority of 18 U.S.C. §§ 2703(d) & 3121 et seq.).

the **Target Telephone**, as well the physical location of the cellular towers(s) identified thereby.

It is further requested that the Court direct to disclose the Requested Location Information concerning the **Target Telephone** during the authorized period of interception, and to initiate a signal to determine the location of the **Target Telephone** on the service provider's network or with such other reference points as may be reasonably available and at such intervals and times as directed by the law enforcement agent serving the proposed order, and to furnish the information, facilities and technical assistance necessary to accomplish the acquisition unobtrusively and with a minimum of interference with such services as that provider accords the user(s) of the **Target Telephone**, at any time of day or night, owing to the potential need to locate the **Target Telephone** outside of daytime hours.

It is further requested, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize delay of notice of the acquisition of the Requested Location Information until such time as the inventory required under 18 U.S.C. § 2518(8)(d) is served.

It is further requested that the Application, Affidavit and all Orders be **SEALED** until otherwise ordered by the Court and that Sprint be ordered not to disclose the existence of the Application, Affidavit, or Order in this matter or investigation to anyone unless or until ordered by the Court.

It is further requested that the government be allowed to provide the Court with a report every ten (10) days following the date of this order showing what progress has been made toward achievement of the authorized objective and the need for interception.

It is furthered requested that the Affidavit, Application, and all Orders in this matter be **SEALED** pending further orders of this Court.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

KENNETH ALLEN POLITE, JR.
UNITED STATES ATTORNEY

BRANDON S. LONG
Assistant United States Attorney
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
Telephone: (504) 680-3106


Subscribed to and sworn to before me this _27th_ day of March, 2015,

at ___3:40___ a.m./p.m., at New Orleans, Louisiana.

UNITED STATES DISTRICT JUDGE

10



# Office of the Attorney General
## Washington, D.C.

ORDER NO. 3055-2009

SPECIAL DESIGNATION OF CERTAIN OFFICIALS OF THE CRIMINAL DIVISION AND
NATIONAL SECURITY DIVISION TO AUTHORIZE APPLICATIONS FOR COURT
ORDERS FOR INTERCEPTION OF WIRE OR ORAL COMMUNICATIONS

By virtue of the authority vested in me as the Attorney General, including 28 U.S.C.
§ 510, 5 U.S.C. § 301, and 18 U.S.C. § 2516(1), and in order to preclude any contention that the
designations by the prior Attorney General have lapsed, the following officials are hereby
specially designated to exercise the power conferred by section 2516(1) of title 18, United States
Code, to authorize applications to a Federal judge of competent jurisdiction for orders
authorizing or approving the interception of wire and oral communications by the Federal Bureau
of Investigation or a Federal agency having responsibility for the investigation of the offense(s)
as to which such application is made, when such interception may provide evidence of any of the
offenses specified in section 2516 of title 18, United States Code:

1.  The Assistant Attorney General in charge of the Criminal Division, any Acting
Assistant Attorney General in charge of the Criminal Division, any Deputy Assistant Attorney
General of the Criminal Division, and any Acting Deputy Assistant Attorney General of the
Criminal Division;

2.  The Assistant Attorney General for National Security, any Acting Assistant Attorney
General for National Security, any Deputy Assistant Attorney General for National Security, and
any Acting Deputy Assistant Attorney General for National Security, with respect to those
matters delegated to the supervision and responsibility of the Assistant Attorney General for
National Security.  These officials of the National Security Division shall exercise this authority
through, and in full coordination with, the Office of Enforcement Operations within the Criminal
Division.

Attorney General Order No. 2943-2008 of January 22, 2008, is revoked effective at
11:59 p.m. of the day following the date of this order.

_____2-2-6-08_____
Date

Eric H. Holder, Jr.
Attorney General

ATTACHMENT
A



**U.S. Department of Justice**

Criminal Division

Washington, D.C.  20530

**MEMORANDUM**

MAR 2 3 2015

TO:      Monique Perez Roth, Director
         Office of Enforcement Operations
         Criminal Division

ATTN:    Brandon S. Long

FROM:    Leslie R. Caldwell
         Assistant Attorney General
         Criminal Division

SUBJECT:  Authorization for Interception Order Application

     This is with regard to your recommendation that
an appropriately designated official of the Criminal Division
authorize an application to a federal judge of competent
jurisdiction for an order under Title 18, United States Code,
Section 2518, authorizing for a thirty (30) day period the
initial interception of wire communications occurring to and
from the cellular telephone bearing the number (504) 296-8951,
subscribed to by Tedd Code, with no subscriber address listed,
in connection with an investigation into possible violations of
Title 21, United States Code, Sections 841, 843, and 846,
by Miguel Joseph, Donald Ealy, Michael Kirton, Edward Lawrence,
Jr., and others as yet unknown.

     By virtue of the authority vested in the Attorney General
of the United States by Section 2516 of Title 18, United States
Code, the Attorney General has by Order Number 3055-2009, dated
February 26, 2009, designated specific officials in the Criminal
Division to authorize applications for court orders authorizing
the interception of wire or oral communications.  As a duly
designated official in the Criminal Division, this power is
exercisable by the undersigned.  WHEREFORE, acting under this
delegated power, the appropriately designated official
authorizes the above-described application to be made by any
investigative or law enforcement officer of the United States as
defined in Section 2510(7) of Title 18, United States Code.

The authorization given is intended to apply not only to the target telephone number listed above, but also to any other telephone number subsequently assigned to or used by the instrument bearing the same electronic serial number used by the target telephone, within the thirty-day period.  The authorization is also intended to apply to the target telephone number referenced above regardless of service provider, and to background conversations intercepted in the vicinity of the target telephone while the telephone is off the hook or otherwise in use.

_____
Leslie R. Caldwell
Assistant Attorney General
Criminal Division

**MAR 2 3 2015**

_____
Date

DAVID BITKOWER
DEPUTY ASSISTANT ATTORNEY GENERAL
CRIMINAL DIVISION



**U.S. Department of Justice**

Criminal Division

Washington, D.C. 20530

MAR 2 3 2015

The Honorable Kenneth A. Polite
United States Attorney
Eastern District of Louisiana
New Orleans, Louisiana

        Attention:      Brandon S. Long
                          Assistant United States Attorney

Dear Mr. Polite:

    An appropriate official hereby approves an application to
be made to a federal judge of competent jurisdiction for an
order under Section 2518 of Title 18, United States Code,
authorizing for a thirty (30) day period the initial
interception of electronic communications occurring to and from
the cellular telephone bearing the number (504) 296-8951,
subscribed to by Tedd Code, with no subscriber address listed,
in connection with an investigation into possible violations of
federal felonies, by Miguel Joseph, Donald Ealy, Michael Kirton,
Edward Lawrence, Jr., and others as yet unknown.

    The above-described application may be made by you or any
other attorney on your staff who is an investigative or law
enforcement officer of the United States within the meaning of
Section 2510(7) of Title 18, United States Code.

The authorization given is intended to apply not only to the target telephone number listed above, but also to any other telephone number subsequently assigned to or used by the instrument bearing the same electronic serial number used by the target telephone, within the thirty-day period.  The authorization is also intended to apply to the target telephone number referenced above regardless of service provider.


Sincerely,


_____
Leslie R. Caldwell
Assistant Attorney General
Criminal Division


                         MAR 2 3 2015
_____
Date


DAVID BITKOWER
DEPUTY ASSISTANT ATTORNEY GENERAL
CRIMINAL DIVISION